**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM CRAIG SMITH, </br>　　　　Plaintiff, </br>　　v. </br>SANTA MARIA BONITA SCHOOL DISTRICT, </br>　　　　Defendant. | No. CV 17-5680-DOC (PLA) </br></br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on August 1, 2017. (ECF No. 1). Plaintiff subsequently was granted leave to proceed *in forma pauperis*. (ECF No. 6). In the Complaint, plaintiff names as a defendant only the Santa Maria Bonita School District ("SMBSD"). (ECF No. 1 at 2). Plaintiff alleges that he lost his job and that his California Teacher's Credential was revoked "due to not having funds due to defendants [sic] false actions." (*Id.* at 2, 14). Plaintiff also contends that his race and the exercise of his First Amendment rights were the reasons for SMBSD employees "retaliating against him." (*Id.* at 5). Plaintiff seeks monetary damages and to have his teaching credential restored. (*Id.* at 15).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or

seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. §1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state a claim against the named defendant. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446,

1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than October 23, 2017, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.[1]**

## DISCUSSION

### A. PLAINTIFF'S COMPLAINT FAILS TO STATE A SHORT AND PLAIN STATEMENT IN COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8.

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

Initially, plaintiff only names the SMBSD as a defendant. Because it appears that the SMBSD is a public school district, plaintiff's federal civil rights claims against the sole named defendant appear to be barred by the Eleventh Amendment. In California, public school districts are considered to be state agencies for purposes of the Eleventh Amendment. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992) (holding that California school districts are state agencies for purposes of Eleventh Amendment). In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. In addition, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of California, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241, 105 S. Ct.

3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983. Accordingly, the SMBSD is immune from all civil rights claims raised pursuant to § 1983 as a state agency. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections); Pierce v. Santa Maria Joint Union High Sch. Dist., 612 Fed. Appx. 897, 898 (9th Cir. 2015) (The school district "is immune from a lawsuit under 42 U.S.C. § 1983 because [it] is a state agency for purposes of the Eleventh Amendment.") (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).

Second, even if plaintiff were to name other defendants, it is not clear to the Court what federal civil rights claims plaintiff is purporting to raise based on which factual allegations. The Complaint sets forth factual allegations that occurred over a number of years and appear to pertain to several different events. Plaintiff alleges that his California Teacher's Credential was revoked "due to not having funds due to defendants [sic] false actions to ensure" that funds were "taken away by filing false actions with the Santa Barbara County Superior Court." (ECF No. 1 at 2-3). Plaintiff discovered in June 2017 that the "SMBSD had filed false reports with the California Commission on Teacher Credentialing" alleging that plaintiff had "committed crimes that never went to proper authorities to be investigated" and were "untrue." (*Id.* at 3). Further, unidentified "employees" of the SMBSD testified at unspecified times as to actions that plaintiff "did which were not true." (*Id.* at 4). In addition, plaintiff contends that his race, as an African American, was a basis for unspecified "SMBSD employees retaliating against him" at unspecified times. (*Id.* at 5). Further, plaintiff was "blackballed by defendant" at unspecified times (*id.* at 5), and, as an African American, he was "subject to humiliation in both his public and private" lives (*id.* at 6). Plaintiff ran for a position on the Santa Maria Bonita Board of Education in November 2014, and for Mayor of the City of Santa Maria in November 2016, but the "public media" put "out accusations that plaintiff had committed egregious crimes." (*Id.* at 6). Plaintiff suffered a stroke

in 2015, and he has been unable to "seek gainful employment." (*Id.* at 7). Plaintiff also alleges that the SMBSD "sent out a CD with negative information" to "local media" at unspecified times. (*Id.* at 9).

Based on these and other factual allegations, plaintiff appears to be purporting to allege state law claims for negligence, libel, slander, invasion of privacy, infliction of emotional distress (*id.* at 8), legal malpractice (against a law firm not named as a defendant) (*id.*), and possibly malicious prosecution (*id.* at 13). However, pursuant to 28 U.S.C. § 1331, this Court does not have original jurisdiction of any claim that does not arise "under the Constitution, laws, or treaties of the United States." "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992). In addition, a plaintiff must present a federal question on the face of a complaint. See Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under §1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). Further, a "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). Here, **it does not appear that the face of the Complaint presents a federal question and, moreover, the only named defendant is immune from any federal civil rights claims that plaintiff may be purporting to raise**.

Third, although plaintiff states that he is "alleging wrongful discharge of teacher [sic] because of violation of plaintiff's constitutional rights" (ECF No. 1 at 7), the Complaint fails to set forth any factual allegations raising a plausible federal constitutional claim. Plaintiff references the First Amendment (*id.* at 5, 10) and his race (*id.* at 6, 12-13), and he sets forth the conclusory allegation that his race and the exercise of his unspecified First Amendment rights were the bases

for unspecified SMBSD employees "retaliating against him" (id. at 5), but he fails to name any such employees as defendants. Further, because the allegation of retaliation is unsupported by any factual allegations, the Court does not accept it as true for purposes of determining whether plaintiff's allegations are sufficient to state any claim. To the extent that plaintiff may be intending to allege a federal civil rights claim against any individual employed by the SMBSD, plaintiff's Complaint fails to set forth any factual allegations that any such individual took any affirmative action, participated in the action of another, or failed to take an action that he or she was legally required to do that *caused* any constitutional violation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions." Twombly, 550 U.S. at 555.

Accordingly, it is not clear to the Court what the legal or factual basis may be for any federal civil rights claim that plaintiff may be raising. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. Further, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson v. City of Shelby, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (*per curiam*) (noting that the Fed. Rules of Civ. Proc. "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants").

Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original, internal quotation marks omitted). In its present format, it is not clear what factual allegations support any federal civil rights claim.

Therefore, the Court finds that plaintiff's Complaint fails to comply with Rule 8.

### B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RETALIATION

The gravamen of plaintiff's various factual allegations appears to be that he lost his job in retaliation for the exercise of his First Amendment rights. (See ECF No. 1 at 5, 7, 10). Plaintiff alleges that he "spoke up at Board Meetings and as a teacher about wrongs" (*id.* at 10), and he "stated in testimony that [he] did not follow directives" (*id.*). He also alleges that his First Amendment Rights were violated when "public media" made false accusations about plaintiff's criminal history and that "false reports" were provided by the SMBSD (*id.* at 6), but his allegation concerning false accusations in "public media" fails to allege that *plaintiff* engaged in any activity that is protected by the First Amendment.

In order to state a claim pursuant to the First Amendment for retaliation by an employer, plaintiff must allege that: (1) he engaged in protected activity; (2) the employer took an adverse employment action against him; and (3) his protected activity was a "substantial or motivating factor" for the adverse employment action. Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003); Keyser v. Sacramento City Unif. Sch. Dist., 265 F.3d 741, 750-51 (9th Cir. 2001). Even if plaintiff were to name a defendant who was not entitled to Eleventh Amendment immunity, the conclusory allegations in the Complaint alleging unspecified speech about unspecified matters at unspecified "Board Meetings" or generalized speaking about "wrongs" as a teacher fail to allege that plaintiff engaged in any protected conduct under the First Amendment. Nor does plaintiff set forth any factual allegations raising a reasonable inference that any protected activity was a substantial or motivating factor in his termination or any other adverse employment action.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff desires to pursue this action, he must file a First Amended Complaint no later than October 23, 2017;** the First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave and with prejudice.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: September 25, 2017

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE